## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JESUS MANUEL LOPEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | |
| ) | |
| NELNET SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Jesus Manuel Lopez Garcia, against Nelnet Servicing, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2. Congress enacted the FCRA to protect consumers from the harm caused by inaccurate credit report. One of the most critical protections the FCRA provides consumers is the right to dispute the accuracy of any item of information in his or her credit file. 15 U.S.C. § 1681i(a)(2).

3. After receiving a dispute from a consumer, a consumer reporting agency must review and consider the information provided and forward all relevant

information to the person who furnished the information.

4.  The FCRA also imposes duties on persons who furnish information to a CRA (a "furnisher"). *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5). Specifically, the furnisher must take certain actions after receipt of notice of a consumer dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2-(b)(1)(A-E).[1]

5.  Once a furnisher receives notice of a dispute from a CRA, Section 1681s-2(b) requires that the furnisher "shall" (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the CRA in connection with the dispute; and (3) report the results of the investigation to the CRA. 15 § U.S.C. 1681s-2(b)(1)(A)-(C).

6.  Should the investigation determine that the disputed information is inaccurate or incomplete or cannot be verified, the furnisher must modify, delete, or permanently block the reporting of that information to CRAs, as appropriate based on the results of the reinvestigation. 15 U.S.C. § 1681s-2(b)(1)(E).

7.  The Eleventh Circuit Court of Appeals has instructed that furnishers must conduct a "reasonable" reinvestigation that involves "a detailed inquiry," "systematic examination" or "searching inquiry" into a consumer's dispute. *Hinkle*

---

[1] Plaintiff asserts a claim against Defendant under Section 1681s-2(b), and not under Section 1681s-2(a).

2

*v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302-03 (11th Cir. 2016).

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendant regularly conducts business in this district, including contracting to supply goods and services in this district.

## PARTIES

10. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

11. Plaintiff is a resident in this District and Division.

12. Defendant is a Nebraska limited liability company.

13. Defendant conducts substantial business in this District and in this Division.

14. Defendant is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2, and it conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

15. Plaintiff's name is Jesus Manuel Lopez Garcia.

3

16. Plaintiff's sister's name is Maria de Jesus Lopez.

17. Plaintiff's and his sister's social security numbers are different from one another.

18. Plaintiff and his sisters have different birthdays.

19. Despite the clear difference in names, sexes, birthdays, and social security numbers, Experian has furnished consumer reports to Plaintiff's potential creditors that contain his sister's Department of Education student loan accounts serviced by Defendant.

20. In doing so, Experian has created the impression amongst Plaintiff's potential creditors that his credit worthiness is different, and at times worse, than it actually is.

21. To try to correct the file, in February 2025, Plaintiff filed a dispute with Experian.

22. In his dispute, Plaintiff told Experian that the Department of Education accounts serviced by Defendant do not belong to him.

23. Experian received Plaintiff's dispute.

24. Experian sent to Defendant via 29 ACDVs all relevant information about Plaintiff's dispute that it received from Plaintiff.

25. Experian told Defendant in 29 ACDVs that the reason for the dispute was "001 – Not his/hers. Provide. Provide complete ID."

26. Defendant received the 29 ACDVs.

27. Defendant did not conduct a reasonable reinvestigation with respect to the disputed information.

28. For example, Defendant failed to review its internal records that showed that the accounts belonged to Plaintiff's sister, not to Plaintiff.

29. Defendant's Group and Loan Summary belonging to Plaintiff's sister shows that the accounts belong to her, and not to Plaintiff.

30. Defendant sent letters to Plaintiff's sister on November 29, 2024, January 9, 2025, January 16, 2025, and March 15, 2025 (the "Letters"), all of which show that the accounts belong to her.

31. Had Defendant reviewed the Group and Loan Summary and/or the Letters, it would have seen that the accounts at issue belong to Plaintiff's sister, not to Plaintiff.

32. Plaintiff also called Defendant to ask about the accounts. When Plaintiff gave Defendant his social security number and name, Defendant told him that it could find no account belonging to him.

33. Nevertheless, Defendant instructed Experian 29 times that the "Account information [was] accurate as of date reported. No changes."

34. Defendant told Experian 29 times that the name, social security number, address, birthday on the accounts belonged to Plaintiff.

35. Based on Defendant's response, Experian did not remove the accounts from Plaintiff's credit report. Experian told Plaintiff in its dispute results that "[t]he information you disputed has been verified as accurate…"

36. Defendant's failure to properly reinvestigate and respond to Plaintiff's disputes caused him injury. Because of Defendant's actions and its failure to correct its errors, Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with his normal and usual activities.

## CLAIM FOR RELIEF

**(Violation of the FCRA, 15 U.S.C. § 1681s-2(b))**

37. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

38. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

39. Defendant understood the nature of Plaintiff's disputes when it received them from Experian.

40. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian.

41. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the reporting of inaccurate and derogatory information that it was reporting in Plaintiff's credit files.

42. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages, including credit denial, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks an amount to be determined by the jury.

43. The law in this District, the Eleventh Circuit, and even nationally has long been articulated to require furnishers to perform detailed and searching investigations when they receive a consumer's dispute through a CRA.

44. Defendant was aware of the *Hinkle v. Midland Credit Mgmt., Inc.* decision by the Eleventh Circuit when it followed its procedures used regarding Plaintiff's disputes.

45. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover attorneys' fees pursuant to 15 U.S.C. § 1681o(a) or, alternatively, 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs of the action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: June 30, 2025

By: /s/ Andrew L. Weiner
Jeffrey B. Sand
GA Bar No. 181568
Andrew L. Weiner

GA Bar No. 808278
WEINER & SAND LLC
800 Battery Ave. SE
Suite 100
Atlanta, Georgia 30339
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
js@wsjustice.com
aw@wsjustice.com